UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| LARRY STEVEN SCISM, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 13-CV-031-HRW |
| ) | |
| V. ) | |
| ) | |
| FEDERAL BUREAU OF PRISONS, et ) | **MEMORANDUM OPINION** |
| al., ) | **AND ORDER** |
| ) | |
| Defendants. | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Larry Steven Scism is an inmate confined at the Federal Correctional Institution-Ashland ("FCI-Ashland") in Ashland, Kentucky. Proceeding, *pro se,* Scism has filed a civil rights complaint, pursuant to 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against defendants, Federal Bureau of Prisons and the Claiborne County Jail in New Tazwell, Tennessee. [D. E. No. 1] By prior Order, Scism was granted leave to proceed *in forma pauperis.* [D. E. No. 5]

In *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997), the Sixth Circuit established that the district court is required to screen all *pro se*[1] cases. Thus,

---

[1] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

this case is subject to initial screening which must occur before the Complaint is served to any defendant.

## BACKGROUND

On February 8, 2012, in the United States District Court for the Eastern District of Tennessee, Greenville Division, Larry Scism was convicted of having violated certain conditions of his supervised release, and he received a 20-month sentence of imprisonment, ordered to run consecutively with a state court sentence he was then serving in Tennessee.[2] *See United States v. Larry Scism*, No. 2:06-CR-070 (E.D. Tenn.) [Record No. 303, Feb. 13, 2012 therein] Upon completion of the state court sentence, Scism was released from state custody, taken into custody by the United States Marshal's Service, and was transported to FCI-Ashland for service of his federal sentence.

## COMPLAINT

Scism claims that on or about August 10, 2012, while he was in transit to FCI-Ashland, he spent one night in the Claiborne County Jail in New Tazwell, Tennessee, and that during his time at that jail, some of personal property was lost or misplaced and was not returned to him before he left the jail to be transported to FCI-Ashland.

---

[2] This Court has access to Scism's underlying criminal docket sheet through the Public Electronic Access to Public Records ("PACER") database website. PACER compiles information concerning criminal and civil actions filed in all federal courts.

On October 3, 2012, Scism filed a Small Claims for Property Damage or Loss with the Federal Bureau of Prisons ("BOP"), pursuant to 31 U.S.C. § 3723, wherein Scism states:

> While in transit to FCI Ashland, I was overnighted in the Claiborne County Jail in New Tazwell, Tennessee. When I was being dressed out to leave, they could not find my property. The Transport Officer informed me that he would find it and bring it to me before I left [for] the next destination but it did not happen. The property that was lost was a pair of jeans, a t-shirt, a pair of boots, and my top dentures.

[R. 1-1, page 1] Scism itemized the value of each of these items. Cumulatively, they have a total value of $643.99. *Id.*

The BOP assigned this matter Administrative Tort Claim 13-00592. On November 1, 2012, the BOP denied this claim for the following reason:

> ... After a preliminary investigation, it appears that this claim for loss of personal property is not a Bureau of Prisons claim. You state this property was taken from you while at a County Jail in Tennessee. You should file with the County Jail or Department of Corrections in the state of Tennessee.

[R. 1-1, p. 2]

In the present Complaint, Scism appears to seek compensation for his lost or misplaced personal property valued at approximately $644.00.

## ANALYSIS

Upon review of this matter, the Court concludes that the BOP correctly denied

3

Scism's claim because it is not a BOP matter. Scism's personal property was lost or misplaced, not by BOP personnel, but by jail personnel at the Claiborne County Jail in New Tazwell, Tennessee, while Scism was housed there over night, arriving on August 9, 2012, and leaving on August 10, 2012. Scism makes no allegation that any BOP personnel was involved in any way with the loss or misplacement of his personal property at the Claiborne County Jail in Tennessee. Thus, his claim against the BOP will be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim against the BOP for which relief can be granted.

Scism's claim against the Claiborne County Jail will also be dismissed, pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction. A federal district court in Kentucky has no personal jurisdiction over a county jail in another state, a foreign jurisdiction. Scism's claim against the county jail will be dismissed without prejudice to his right to pursue this claim in the state courts in Tennessee.

## CONCLUSION

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:

(1) Plaintiff Larry Steven Scism's claim against the Federal Bureau of Prisons is **DISMISSED**, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim against the BOP for which relief can be granted.

(2) Scism's claim against the Claiborne County Jail in New Tazwell,

4

Tennessee, is **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction over the county jail in Tennessee.

(3)  All claims having been resolved, this matter is **DISMISSED** and **STRICKEN** from the docket.

(4)  Judgment shall be entered in favor of the Defendants.

This 24th day of July, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

5